**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

**HARRY MULLER, JR.,**
          **Plaintiff,**

-vs-                                 Case No. 6:06-cv-1733-Orl-31KRS

**TOTAL PROTECTIVE SERVICES, INC.,**
**JOSEPH TOLERICO,**
**ROBERT FUSON,**
          **Defendants.**

**ORDER**

This cause came on for consideration without oral argument on the following motion filed herein:

| | |
|---|---|
| **MOTION:** | **PLAINTIFF'S MOTION FOR ENTRY OF DEFAULT JUDGMENT (Doc. No. 21)** |
| **FILED:** | **April 20, 2007** |

Plaintiff Harry Muller Jr. filed a four count complaint against Defendant Total Protective Services, Inc., Joseph Tolerico, and Robert Fuson alleging violations of the minimum wage and overtime compensation provisions of the Fair Labor Standards Act (FLSA), 29 U.S.C. § 201, *et seq.*, breach of an employment contract, and violations of Florida's bad check statutes. Doc. No. 1. Because the defendants have not responded to the complaint, the Clerk of Court entered their defaults at Muller's request. Doc. Nos. 11, 15. Muller now moves for the entry of default judgment. Doc. No. 21.

A court may enter a default judgment only if the factual allegations of the complaint, which are assumed to be true, provide a sufficient legal basis for such entry. *Nishimatsu Constr. Co. v.*

*Houston Nat'l Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975) ("The defendant is not held to admit facts that are not well-pleaded or to admit conclusions of law."). Therefore, in considering a motion for default judgment, a court must examine the sufficiency of the allegations in the complaint to determine whether the plaintiff is entitled to a default judgment. *Fid. & Deposit Co. v. Williams*, 699 F. Supp. 897, 899 (N.D. Ga. 1988).

"Although a defaulted defendant admits well-pleaded allegations of liability, allegations relating to the amount of damages are not admitted by virtue of default. Rather, the Court determines the amount and character of damages to be awarded." *Miller v. Paradise of Port Richey, Inc.*, 75 F. Supp. 2d 1342, 1346 (M.D. Fla. 1999). If a default judgment is warranted, the court may hold a hearing for the purposes of assessing damages. *Transatlantic Marine Claims Agency, Inc. v. Ace Shipping Corp.*, 109 F.3d 105, 111 (2d Cir. 1997) (citing Federal Rule of Civil Procedure 55(b)(2)). However, a hearing is not necessary if sufficient evidence is submitted to support the request for damages. *Id*.

The affidavit submitted in support of the motion for default judgment is internally inconsistent and insufficient to establish Muller's entitlement to damages. For example, Muller avers that he "was employed by Total Protective Services, Inc. from May 27, 2006 to July 29, 2006, as a prison transporter." Doc. No. 21-2 (Muller Aff.) ¶ 2. However, Muller then avers that he received no compensation for, among others, the week of May 21 to May 27, 2006. *Id*. ¶ 7.

Furthermore, the affidavit does not set out the basis for Muller's monetary requests. Muller avers that he "worked approximately 76 hours of overtime . . . [and] [is] owed $5.00 per hour for 20 overtime hours worked and $15.00 per hour for 56 overtime hours worked." *Id*. ¶ 5.

Because Muller's regular rate of pay was $10.00 per hour, *see id.* ¶ 4, this likely reflects that Muller was paid his regular rate for 20 hours worked (and thus is entitled only to the overtime premium), and paid nothing for 56 hours (and thus entitled to the full amount). Assuming Muller was not paid anything for those 56 hours, it is unclear how this allegation is consistent with other allegations that he "worked 266 hours and received no compensation" for which he is "owed $5.15 per hour for 266 hours worked." *Id.* ¶¶ 7, 8. In particular, it is unclear what relationship, if any, exists between the 56 hours sought as overtime and the 266 hours sought as minimum wages. If Muller receives the full overtime rate (base rate plus premium) for certain hours, he cannot also receive the minimum wage for those hours.

The memorandum in support of the motion for default judgment does nothing to clarify these problems. Rather, it asserts, without analysis, that Muller is owed various amounts "as testified in his affidavit." Doc. No. 21 at 4.

Based on the foregoing, Plaintiff's Motion for Entry of Default Judgment, doc. no. 21, is **DENIED without prejudice**. Muller shall have until June 29, 2007, to file a renewed motion for default judgment supported by an affidavit that has been reviewed by counsel for consistency (and, of course, truthfulness). Furthermore, Muller shall file a renewed memorandum that analyzes why the averments in the affidavit are sufficient to establish entitlement to the damages claimed. Failure timely to file the renewed motion will result in a recommendation that the case be

dismissed for failure to prosecute and for violation of a Court order. Fed. R. Civ. P. 16(f), Local Rule 3.10.

**DONE** and **ORDERED** in Orlando, Florida on June 8, 2007.

*Karla R. Spaulding*
KARLA R. SPAULDING
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Parties