## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## ORLANDO DIVISION

**HARRY MULLER, JR.,**

                   **Plaintiff,**

**-vs-**                                   **Case No.  6:06-cv-1733-Orl-31KRS**

**TOTAL PROTECTIVE SERVICES, INC.,**
**JOSEPH TOLERICO,**
**ROBERT FUSON,**

                   **Defendants.**

_____

## REPORT AND RECOMMENDATION

**TO THE UNITED STATES DISTRICT COURT**

      This cause came on for consideration without oral argument on the following motion filed herein:

| | |
|---|---|
| **MOTION:** | **PLAINTIFF'S RENEWED MOTION FOR ENTRY OF DEFAULT JUDGMENT (Doc. No. 25)** |
| **FILED:** | **June 28, 2007** |

**I.**     **PROCEDURAL HISTORY.**

      On November 9, 2006, Plaintiff Harry Muller, Jr. filed a four-count complaint against Defendants Total Protective Services, Inc. (TPS), Joseph Tolerico, and Robert Fuson alleging violations of the minimum wage and overtime compensation provisions of the Fair Labor Standards Act (FLSA), 29 U.S.C. § 201, *et seq*., and, as to TPS only, breach of an employment contract and violations of § 68.05, Florida Statutes.  Doc. No. 1.  Because the defendants failed to

respond to the complaint, the Clerk of Court entered defaults against each of them at Muller's

request.  Doc. Nos. 11, 15.  Muller now moves for the entry of default judgment.  Doc. No. 25.[1]

Muller filed the following evidence in support of the motion:

- Amended Affidavit of Harry Muller Jr., doc. no. 25-2 (Muller Aff.);

- Plaintiff's Attorney Fee Affidavit, by Konstantine E. Pantas, Esq., doc. no. 25-3 (Pantas Aff.);

- A time sheet for the professionals who performed work in this case, doc. no. 25-4 (time sheet);

- Documents related to the costs incurred in this action, doc. no. 25-5 (cost documents); and

- Copies of the checks returned for insufficient funds, doc. no. 25-6 and 25-7.

## II.    STANDARD OF REVIEW.

A court may enter a default judgment only if the factual allegations of the complaint, which

are assumed to be true, provide a sufficient legal basis for such entry.  *Nishimatsu Constr. Co. v.*

*Houston Nat'l Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975) ("The defendant is not held to admit

facts that are not well-pleaded or to admit conclusions of law.").  Therefore, in considering a

motion for default judgment, a court must examine the sufficiency of the allegations in the

complaint to determine whether the plaintiff is entitled to a default judgment.  *Fid. & Deposit Co.*

*v. Williams*, 699 F. Supp. 897, 899 (N.D. Ga. 1988).

"Although a defaulted defendant admits well-pleaded allegations of liability, allegations

relating to the amount of damages are not admitted by virtue of default.  Rather, the Court

---

[1]  In the present motion, Muller does not include any argument about the breach of contract claim.  Accordingly,  it appears that he has abandoned this claim.

determines the amount and character of damages to be awarded." *Miller v. Paradise of Port Richey, Inc.*, 75 F. Supp. 2d 1342, 1346 (M.D. Fla. 1999). If a default judgment is warranted, the court may hold a hearing for the purposes of assessing damages. *Transatlantic Marine Claims Agency, Inc. v. Ace Shipping Corp.*, 109 F.3d 105, 111 (2d Cir. 1997) (citing Federal Rule of Civil Procedure 55(b)(2)). However, a hearing is not necessary if sufficient evidence is submitted to support the request for damages. *Id.*

## III.    ALLEGATIONS OF THE COMPLAINT.

Muller was employed by TPS from May 2006 to July 31, 2006, at TPS's location in Orlando, Florida. Doc. No. 1 ¶ 4. TPS is an employer as defined in the FLSA, and Muller was engaged in commerce as defined in the FLSA. *Id.* ¶¶ 5, 6.

Tolerico and Fuson are owners and/or officers of TPS. They were substantially in control of the terms and conditions of Muller's work. As such, they are also employers as defined in the FLSA. *Id.* ¶¶ 8, 9.

In Count I, Muller alleges that he "worked numerous weeks in excess of forty (40) hours a week, yet was not compensated for all work in excess of forty (40) hours at a rate not less than one and one-half times the regular rate at which he was employed." *Id.* ¶ 12. This violation was willful. *Id.*

In Count II, Muller alleges that he worked between May 22, 2006, and June 2, 2006, and between July 2, 2006 and July 31, 2006, and "received less than the minimum wage for hours worked, and in fact was never compensated by Defendants for work for said periods." *Id.* ¶ 14. This violation was willful. *Id.*

In Count IV, Muller alleges that TPS "issued check number 10040 to [him] . . . for work [he] performed," but this check was refused by the drawee. *Id.* ¶¶ 26, 27.  Within thirty days, Muller made a written demand for payment in cash as required by section 68.065, Florida Statutes, but TPS did not tender cash payment. *Id.* ¶¶ 28, 29.

## V.    ANALYSIS.

###    *A.    Liability.*

####        1.    FLSA Minimum Wage Claim.

To establish a claim for minimum wages under the FLSA, Muller must establish the following:

First, that he was employed by TPS during the time period involved;

Second, that he was engaged in commerce or production of goods for commerce; and

Third, that the defendant failed to pay the minimum wage required by law.

Eleventh Circuit Pattern Jury Instructions–Civil 1.7.1 (2005).

By defaulting, TPS admits that it employed Muller during the relevant time period.  It admits that he was engaged in commerce.  It admits that it failed to pay Muller the minimum wage as required by the FLSA.  This is sufficient to establish that TPS is liable to pay Muller the minimum wages he is owed for his work.

####        2.    FLSA Overtime Compensation Claim.

To prevail on his FLSA overtime claim, Muller must establish the following:

First, that he was employed by TPS during the time period involved;

Second, that he was engaged in commerce or production of goods for commerce or employed by an enterprise engaged in commerce or in the production of goods for commerce; and

-4-

Third, that TPS failed to pay the overtime compensation required by law.

*See* Eleventh Circuit Pattern Jury Instruction–Civil 1.7.1 (2000).

By failing to answer the complaint, TPS admits that it employed Muller during the relevant time period.  It admits that it was an employer and was required to comply with the FLSA.  It also admits that it failed to pay overtime compensation as required by the FLSA. This is sufficient to establish that TPS is liable to pay Muller the overtime compensation he is owed for his work.

        3.   <u>Joint and Several Liability</u>.

Under the FLSA, an employer includes "any person acting directly or indirectly in the interest of an employer in relation to an employee . . . ." 29 U.S.C. § 203(d).  "'The overwhelming weight of authority is that a corporate officer with operational control of a corporation's covered enterprise is an employer along with the corporation, jointly and severally liable under the FLSA for unpaid [overtime] wages.'"  *Patel v. Wargo*, 803 F.2d 632, 637-38 (11th Cir. 1986) (quoting *Donovan v. Agnew*, 712 F.2d 1509, 1511 (1st Cir. 1983)).  "To be personally liable, an officer must either be involved in the day-to-day operation or have some direct responsibility for the supervision of the employee." *Id.* at 638.

By failing to answer the complaint, Tolerico and Fuson admit that they were owners and/or officers of TPS, and were substantially in control of the terms and conditions of Muller's work. Accordingly, Tolerico and Fuson are jointly and severally liable with TPS for minimum wages and overtime compensation due under the FLSA but unpaid.

4.     Section 68.065, Florida Statutes.

Florida law provides a right of action "for the purpose of collecting a check, draft, or order of payment, the payment of which was refused by the drawee because of the lack of funds."  Sec. 68.065(1), Fla. Stat.  Muller did not allege that the check at issue was refused "because of lack of funds," but simply that it was refused by the drawee.  A check may be refused for reasons other than lack of funds, including a stop payment order and questions regarding the validity of an endorsement.  Because TPS is deemed to have admitted only a specific allegation in the complaint, and the complaint does not allege that the check at issue was refused for lack of funds, TPS has not admitted an essential element of the violation of section 68.065.  Accordingly, default judgment is not appropriate as to Count IV of the complaint.

B.     *Damages.*

Muller relies on his affidavit to establish the compensation due under the FLSA.  It is well established that "where the employer's records are inaccurate or inadequate and the employee cannot offer convincing substitutes . . . an employee has carried out his burden if he proves that he has in fact performed work for which he was improperly compensated and if he produces sufficient evidence to show the amount and extent of that work as a matter of just and reasonable inference."  *Etienne v. Inter-County Sec. Corp.*, 173 F.3d 1372, 1375 (11th Cir. 1999) (quoting *Anderson v. Mt. Clemens Pottery Co.*, 328 U.S. 680, 687 (1946)).  In this case, the defendants have not answered the complaint.  Thus, I find that Muller's affidavit is sufficient evidence to show the amount and extent of the work he performed, and provides an adequate basis for calculating his damages.

1. <u>FLSA Minimum Wage Claim.</u>

Under the FLSA, Muller is entitled to be compensated for the difference between the

wages he received and $5.15 per hour for the work he performed.  29 U.S.C. § 206(a)(1).[2]

Because the complaint alleges minimum wage violations for the period between "May 22,

2006 to June 2, 2006, and . . . July 2, 2006 to July 31, 2006," doc. no. 1 ¶ 14, these are the only

weeks for which the defendants have admitted liability.  Accordingly, while Muller's affidavit

includes averments about other weeks, I will not include them in the minimum wage calculation.

*See* Muller Aff. ¶¶ 8-11.

Muller avers that he worked the following number of hours and received the following

compensation:

| Week Ending | Hours Worked | Compensation Received | Minimum Wage Owed[3] |
|---|---|---|---|
| May 27, 2006 | 10 | $0.00 | $51.50 |
| June 3, 2006 | 45 | $0.00 | $206.00 |
| July 8, 2006 | 56 | $0.00 | $206.00 |
| July 15, 2006 | 45 | $0.00 | $206.00 |
| July 22, 2006 | 65 | $0.00 | $206.00 |
| July 29, 2006 | 45 | $0.00 | $206.00 |
| Total | | | $1,081.50 |

---

[2]  The complaint seeks minimum wages under the FLSA, not under Florida law, which provides for a higher minimum wage.  Accordingly, the applicable minimum wage for purposes of the motion for default judgment is $5.15 per hour.

[3]  For weeks in which Muller worked more than 40 hours per week, he seeks the minimum wage for any hours worked up to 40, and the overtime rate for all hours worked over 40. Accordingly, I will address the overtime compensation due but unpaid below.

Muller Aff. ¶¶ 6-7, 12-15.

        2.      <u>FLSA Overtime Compensation Claim</u>.

Under the FLSA, Muller is entitled to be paid one and one-half times his regular rate of pay for all hours worked in excess of forty during a work week.  *See* 29 U.S.C. § 207(a)(1).  Under the FLSA, Muller's overtime rate is based on his regular rate of pay (regardless of whether he can only recover the minimum wage for his non-overtime work).  Muller avers that his regular rate was $10.00 per hour.  Muller Aff. ¶ 5.  Accordingly, he is entitled to $15.00 per hour for every hour of overtime work performed, less any amount actually received for those hours and less the minimum wage due to be paid pursuant to the foregoing analysis.

Based on his affidavit, Muller worked the following weeks and received or will receive the following compensation:

| Week Ending | Overtime Hours Worked | Overtime Compensation[4] | Less Payment Received or Due | Overtime Compensation Owed |
|---|---|---|---|---|
| May 27, 2006 | 0 | 0 | | 0 |
| June 3, 2006 | 5 | $75.00 | $25.75[5] | $49.25 |
| June 10, 2006 | 5 | $75.00 | $50.00[6] | $25.00 |

---

[4]  Figures in this column are calculated as follows: One and one-half times the regular rate of $10.00 per hour ($15.00) multiplied by the number of overtime hours worked.

[5]  This figure is based on payment of the minimum wage ($5.15) for five hours of work.

[6]  This figure is based on payment of the regular hourly rate ($10.00) for five hours of work.

| June 17, 2006 | 5 | $75.00 | $50.00[5] | $25.00 |
|---|---|---|---|---|
| June 24, 2006 | 5 | $75.00 | $50.00[5] | $25.00 |
| July 1, 2006 | 5 | $75.00 | $50.00[5] | $25.00 |
| July 8, 2006 | 16 | $240.00 | $160.00[7] | $80.00 |
| July 15, 2006 | 5 | $75.00 | $50.00[5] | $25.00 |
| July 22, 2006 | 25 | $375.00 | $128.75[8] | $246.25 |
| July 29, 2006 | 5 | $75.00 | $50.00[5] | $25.00 |
| Total | | | | $525.50 |

Muller Aff. ¶¶ 6-15.

> 3. <u>Liquidated Damages</u>.

By failing to answer the complaint, TPS, Tolerico and Fuson admit that they acted willfully in failing to pay Muller the statutorily required minimum wage and overtime compensation. When, as here, the defendants have not presented a defense that their failure to pay minimum wages or overtime compensation was in good faith, the court must also require the employers to pay liquidated damages in an additional amount equal to "the amount of . . . [the employee's] unpaid . . . compensation." 29 U.S.C. §§ 216(b), 260; *Weisel v. Singapore Joint Venture, Inc.*, 602 F.2d 1185, 1191 n.18 (5th Cir. 1979). Accordingly, TPS, Tolerico and Fuson are liable to pay

---

[7]  This figure is based on payment of the regular hourly rate ($10.00) for 16 hours of work.

[8]   This figure is based on payment of the minimum wage ($5.15) for 25 hours of work.

Muller the amount of unpaid minimum wages and overtime compensation owed to him, $1,607.00

($1,081.50 in minimum wages and $525.50 in overtime compensation), as liquidated damages.

        C.       *Attorneys' Fees and Costs*.

The FLSA mandates that in any action brought by an employee to enforce § 206 or § 207

of the Act, the Court "shall, in addition to any judgment awarded to the plaintiff or plaintiffs, allow

a reasonable attorney's fee to be paid by the defendant, and costs of the action."  29 U.S.C. §

216(b).

Here, Muller seeks $3,830.50 in fees for the services provided by his attorneys and their

paralegal assistant in connection with this case, plus $506.00 in costs. Pantas Aff. ¶¶ 7-8.

In *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983), the Supreme Court stated that "the

most useful starting point for determining the amount of a reasonable fee is the number of hours

reasonably expended on the litigation multiplied by a reasonable hourly rate." This amount, which

is commonly referred to as the lodestar, is then adjusted to reflect the "results obtained." *Id*. at 434;

*accord Norman v. Hous. Auth.*, 836 F.2d 1292, 1299-1302 (11th Cir. 1988).

In determining the lodestar, a reasonable hourly rate is based on the prevailing market rate

in the relevant legal community for similar services by lawyers of reasonably comparable skills,

experience and reputation.  *Gaines v. Dougherty County Bd. of Educ.*, 775 F.2d 1565, 1571 (11th

Cir. 1985); *see also Johnson v. Ga. Highway Express, Inc.*, 488 F.2d 714, 717-19 (5th Cir. 1974)

(enumerating additional factors to consider).  "The applicant bears the burden of producing

satisfactory evidence that the requested rate is in line with prevailing market rates.  Satisfactory

evidence at a minimum is more than the affidavit of the attorney performing the work. . . .

[S]atisfactory evidence necessarily must speak to rates actually billed and paid in similar lawsuits.

Testimony that a given fee is reasonable is therefore unsatisfactory evidence of market rate."
*Norman*, 836 F.2d at 1299 (internal citations omitted).  It is well established that the court may use
its discretion and expertise to determine the appropriate hourly rate to be applied to an award of
attorney's fees.  *See Scelta v. Delicatessen Support Servs., Inc.*, 203 F. Supp. 2d 1328, 1331 (M.D.
Fla. 2002).

The "'fee applicant bears the burden of . . . documenting the appropriate hours and hourly
rates.'"  *ACLU v. Barnes*, 168 F.3d 423, 427 (11th Cir. 1999) (quoting *Norman*, 836 F.2d at 1303).
"[F]ee counsel should have maintained records to show the time spent on the different claims, and
the general subject matter of the time expenditures ought to be set out with sufficient particularity
so that the district court can assess the time claimed for each activity."  *Norman*, 836 F.2d at 1303.
If the party submits inadequate documentation, the district court may reduce the amount of the
award.  *See id*.

 1. <u>Reasonable Hourly Rate.</u>

Konstantine Pantas avers that he has been licensed to practice law in Florida since 1993.
He has over eleven years of litigation experience and has practiced exclusively in the area of
employment law since 2000.  He seeks a rate of $300.00 per hour.  Pantas Aff. ¶ 4.

Pantas avers that Charles L. Scalise, Esq., has been licensed to practice law in Florida since
1988, and has over seventeen years of litigation experience, including seven years of employment
law litigation.  Muller seeks an hourly rate of $300.00 for Scalise's work.  Pantas Aff. ¶ 5.

In support of these rates, Pantas cites two cases in which he asserts that the Court approved
the rate of $300.00 per hour.  Pantas Aff. ¶¶ 4,5.  However, neither of these cases supports the
rates requested.  In *Smith v. Richard's Restoration, Inc.*, while the motion for attorneys' fees listed

the hourly rate at $300.00, the calculations actually used the hourly rate of $250.00; and the Court used the lower amount. No. 6:05-cv-1072-Orl-DAB, doc. no. 61 at 3 n.2. *Pyle v. Selectbuild Florida, LLC*, involved a settlement in which the defendants did not object to the $300.00 fee for Attorney Pantas. No. 6:07-cv-59-Orl-19DAB, doc. no. 22. Because that case was resolved by settlement, the Court did not affirm the reasonableness of the requested hourly rate.

In other FLSA cases, this Court has previously determined that a reasonable rate for Pantas's and Scalise's services, considering the Orlando legal market, is $250.00 per hour. *See, e.g.*, *Reyes v. Falling Star Ent., Inc.*, No. 6:04-cv-1648-Orl-KRS, 2006 WL 2927553, *3 (M.D.Fla. Oct.12, 2006). In this case, this rate is particularly appropriate because, despite the fact that Florida law provides for a higher minimum wage than federal law, the complaint asserted only claims under federal law. Furthermore, as set out in my Order of June 8, 2007, Muller's original motion for default judgment was defective in numerous ways. Doc. No. 24.

Accordingly, considering the Orlando legal market, awards in similar cases, and counsel's performance in this case, an hourly rate of $250.00 for work performed by Pantas and Scalise is appropriate in the absence of objection.

Judy Cane has been a paralegal since 1999. She has extensive experience in both state and federal court litigation, including drafting complaints, discovery, motions, and affidavits. Muller seeks an hourly rate of $95.00 for Cane's work. Pantas avers that state courts have found this rate reasonable for her work. Pantas Aff. ¶ 6. I find that her hourly rate is reasonable, in the absence of objection, for legal work she performed in this matter.

2.      <u>Reasonable Number of Hours</u>.

On August 30, 2006, Cane billed 4.2 hours for many tasks, including reviewing the file,
preparing a letter to TPS, researching the corporate and individual defendants, conflict and other
case checking, preparing an initial damages summary, and opening the file.  Timesheet at 1.
Opening internal files and accounts is administrative work for which compensation is
inappropriate.  *See Missouri v. Jenkins*, 491 U.S. 274, 288 n.10 (1989) ("Of course, purely clerical
or secretarial tasks should not be billed at a paralegal rate, regardless of who performs them.").
Because these hours were block billed, it is difficult to separate compensable from
noncompensable work.  Therefore, I recommend that the Court reduce Cane's time by 0.5 hours,
to account for noncompensable clerical work.

On December 6, 2007, Scalise billed 0.2 hours for "Receipt and review of email from
Christopher Cathcart."  Timesheet at 1.  Mr. Cathcart is a local attorney, but he did not appear in
this case, and no information was provided about how this email related to the case.  Accordingly,
this time should be disallowed.

In the absence of objection, I recommend that the Court find that all of the hours billed,
except those set out above, are reasonable.

3.   <u>Lodestar</u>.

Based on these recommendations, the lodestar attorneys' fee in this case is as follows:

| Attorney | Hourly Rate | Hours | Total |
|---|---|---|---|
| Konstantine Pantas | $250.00 | 6.4 | $1,600.00 |
| Charles Scalise | $250.00 | 4.3 | $1,075.00 |
| Judy Cane | $95.00 | 5.4 | $513.00 |
| Total Award: | | | $3,188.00 |

4.   <u>Costs</u>.

Muller seeks costs in the amount of $506.00 for reimbursement for the filing fee ($350.00) and for the costs of serving process in this case ($156.00).  Pantas Aff. ¶ 8.  The FLSA provides for a mandatory award of "costs of the action" to a prevailing plaintiff.  29 U.S.C. § 216(b).  The United States Court of Appeals for the Eleventh Circuit has held that in FLSA cases, courts may award as costs those expenses permitted by 28 U.S.C. § 1920.  *Glenn v. Gen. Motors Corp.*, 841 F.2d 1567, 1575 (11th Cir. 1988).  The filing fee and costs of service are permitted under § 1920.  *See EEOC v. W&O, Inc.*, 213 F.3d 600, 624 (11th Cir. 2001).

The docket sheet in this case reflects that Muller paid the filing fee.  Also, Muller submitted evidence supporting the costs for service of process.  Cost documents.  Therefore, I recommend that Muller be awarded $506.00 in costs.

## V.      RECOMMENDATION.

For the foregoing reasons, I recommend that Count III of the Complaint (for breach of contract) and Count IV of the Complaint (§ 68.065, Florida Statutes) be **DISMISSED**.  I further recommend that Plaintiff's Renewed Motion for Entry of Default Judgment, doc. no. 25, be **GRANTED in part and DENIED in part**.  I recommend that the Court enter a default judgment against Total Protective Services, Inc., Joseph Tolerico, and Robert Fuson on Muller's FLSA minimum wage and overtime compensation claims and order the defendants, jointly and severally, to pay Muller damages in the amount of $3,214.00 (including liquidated damages), $3,188.00 in attorney's fees, and $506.00 in costs.  Finally, I recommend that the Court direct the Clerk to issue a judgment consistent with its ruling on this Report and Recommendation and, thereafter, to close the file.

Failure to file written objections to the proposed findings and recommendations contained in this report within ten (10) days from the date of its filing shall bar an aggrieved party from attacking the factual findings on appeal.

Recommended in Orlando, Florida on August 27,  2007.

*Karla R. Spaulding*
_____
KARLA R. SPAULDING
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Presiding District Judge
Counsel of Record
Unrepresented Party

Courtroom Deputy